OPINION JUDGMENT ENTRY
{¶ 1} On March 31, 2003 the Stark County Grand Jury indicted the defendant appellant Christie L. Savage for one count of theft from an elderly person or disabled adult in violation of the R.C.2913.02 (A)(2) and one count of misuse of a credit card in violation of R.C. 2913.21. Both offenses are felonies of second degree.
 {¶ 2} On May 14, 2003 the appellant entered a plea of guilty to both counts of the indictment. The court deferred sentencing and ordered a pre-sentence investigation report. On June 11, 2003, the court conducted a sentencing hearing and sentenced appellant to serve a term of four years for the first count, theft from an elderly person or disabled adult and a term of one year for the second count, misuse of a credit card. The sentences were ordered to be served consecutively. Thus, the aggregate sentence is five years.
 {¶ 3} Appellant filed an appeal and the matter is now before this court for consideration. Appellant assigns two assignments of error as follows:
 {¶ 4} "The trial judge erred in sentencing the appellant to more than the minimum sentence for the offense of theft, R.C.2913.02 (A).
 {¶ 5} "The trial court erred by sentencing the appellant to serve consecutive sentences."
 I II {¶ 6} Appellant challenges the trial court's maximum/consecutive sentences as being against the manifest weight of the evidence and contrary to law.
 {¶ 7} In its brief at 7, and 9, appellee concedes the sentences do not meet the following mandates of State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, syllabus:
 {¶ 8} "1. Pursuant to R.C. 2929.14 (E)(4) and 2929.19
(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 9} "2. Pursuant to R.C. 2929.14 (B), when imposing a non-minimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing."
 {¶ 10} The matter is reversed and remanded to the trial court for re-sentencing pursuant to Comer, supra.
 {¶ 11} Assignments of Error I and II are granted.
 {¶ 12} The judgment of the Court of Common Pleas of Stark County, Ohio, is hereby reversed and remanded.
Edwards and Boggins, JJ., concur.
 {¶ 13} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and the matter is remanded to said trial court for re-sentencing pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. Costs to appellee.